## 47646. NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY v. CUMBAA.

PANNELL, Judge. On October 2, 1966, the defendant-appellant issued a homeowner's policy to Frank H. Cumbaa for a period of three years. The policy contained coverage for personal liability injury. The plaintiff-appellee, Charles Cumbaa, is the minor son of Frank Cumbaa and was an additional insured under the terms of the insurance policy. On November 11, 1967, one Katrina Jones was physically injured at a Halloween party, attended by a group of young people, as the result of being tackled by the plaintiff and one Ed Loosier, and was hospitalized. When plaintiff was sued by Miss Jones' father, the defendant who had previously refused to pay under the insurance policy, did not provide legal counsel for the plaintiff. The plaintiff employed counsel to defend the action. A verdict and judgment was rendered against Ed Loosier and the plaintiff. In the instant case, judgment was obtained against the defendant-appellant for one-half of the verdict rendered against Ed Loosier ($831.62) and the plaintiff-appellee, the sum of $800 representing the value of legal services obtained by plaintiff in defending the action, court reporting expenses in the sum of $73 and 25% of the principal sum, plus attorney fees in the sum of $1,200 based on allegations of bad faith on the part of the defendant in

refusing to defend the action against Ed Loosier and the plaintiff. The defendant appeals, alleging that the court erred in denying the defendant's motion for judgment notwithstanding the verdict, in denying the defendant's motion for new trial, in denying defendant's motion for directed verdict made at the close of the case, in denying defendant's motion for a directed verdict as to a penalty and attorney fees based on bad faith, in charging plaintiff's request to charge (1) concerning the plaintiff's contention that the defendant waived the written notice requirement under certain circumstances, (2) because of repetition and in charging plaintiff's request number 1, and (3) inasmuch as it states that the language "as soon as practical" depends upon the facts and circumstances of the case in the viewpoint of the ordinary. insurance policy holder; and in not setting the degree of diligence required in determining whether or not the excuse offered for delay in giving notice was proper under the nature or circumstances of the case. *Held:*

This case presents two critical issues for determination. (1) Is the insured strictly bound by the provisions of the liability insurance policy requiring written notice of an occurrence as soon as practicable when such requirements are made a condition precedent to an action against the insurance company? And, (2) under the circumstances, did the action of defendant in denying liability to the plaintiff under the insurance policy and refusing to defend the civil case brought against the plaintiff constitute sufficient bad faith to justify a penalty and attorney's fees under Code § 56-1206?

1. It is well settled in this state that "Clauses in insurance policies which prohibit waivers, unless endorsed thereon, refer only to the provisions which enter into the contract of insurance, and do not affect conditions which are to be performed after loss, such as furnishing proofs of loss and giving notice . . . These may be

expressly waived, or waived by conduct inconsistent with an intention to enforce a strict compliance with the condition, by which the insured is led to believe that the insurer does not intend to require such compliance." *Corporation of Royal Exchange Assur. of London v. Franklin,* 158 Ga. 644 (3)(124 SE 172,38 ALR 626); *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474); *Assurance Co. of America v. Bell,* 108 Ga. App. 766, 769 (134 SE2d 540). In the *Noles* case, the court said, "Where the effect of such contractual provision works as a forfeiture of the policy benefit upon the insured, the court will strictly construe the provision against the insurance company and small circumstances will be sufficient to show a waiver by the company. *Aetna Ins. Co. of Hartford v. Mosely,* 47 Ga. App. 25 (169 SE 695). See 49 ALR2d 89. As discussed by Judge Guerry in the *Mosely* case, supra, the damages and not the formal proof is the essence of the contract. 'The courts infer waivers of such nonessential parts by conduct (by the insurance company) for the reason that they are in the nature of penalties and are not favored under the law.' "

In the case sub judice, where the insurer's agent typed in the name of the insured in the signature block and testified that in almost a hundred percent of the time notice is given orally by telephone and they never required the signature of the policy holder at Walden & Kirkland, local agent for defendant where the witness served as President and General Manager, and had served since 1950, the court did not err in instructing on waiver and there was sufficient evidence to support the finding implicit in the verdict of the jury that defendant-appellant had waived the written notice requirement.

2. The time limitations in policies of insurance requiring a report of incident "as soon as practicable" are subject to a factual determination. "The questions of the

sufficiency of the excuse offered, and the diligence of the beneficiary in giving the notice after the removal of the disability, are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each individual case." *North American Accident Ins. Co. v. Watson,* 6 Ga. App. 193, 196 (64 SE 693); *Pilgrim Health &c. Ins. Co. v. Chism,* 49 Ga. App. 121 (3) (174 SE 212); *Hulme v. Mutual Benefit &c. Assn.,* 60 Ga. App. 65 (2 SE2d 750).

When the testimony of record indicates that the first time any substantial evidence of a claim came to the attention of the principal insured he notified the agent as indicated in Division 1 of this opinion, about 19 months after occurrence of the incident giving rise to the claim, it was not error to submit the issue of reasonableness of excuse to the jury, and the jury finding was supported by the evidence.

3. Ga. L. 1960, pp. 289, 502; 1962, p. 712 (Code Ann. § 56-1206) authorizes the award of damages and attorney fees upon a finding that an insurer has refused to pay based on bad faith. The courts of this state have repeatedly held that when a bona fide dispute exists concerning liability, recovery of damages and attorney fees because of bad faith is not authorized. *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746 (3) (125 SE2d 709); *Businessmen's Assur. Co. v. Tilley,* 109 Ga. App. 529 (3) (136 SE2d 514); *Georgia Farm Bureau Ins. Co. v. Boney,* 113 Ga. App. 459 (3) (148 SE2d 457); *National Casualty Co. v. Dixon,* 114 Ga. App. 362 (151 SE2d 539).

The existence of the justiciable issues in Divisions 1 and 2 of this opinion concerning waiver of written notice and sufficiency of time delay excuse are sufficient to negate an allegation of bad faith on the part of the insurer in refusing to pay or defend the action.

Accordingly, although the court did not err in denying the defendant's motion for judgment notwithstanding the verdict, in denying the defendant's motion for a

new trial, or in denying defendant's motion for a directed verdict made at the close of the case, it was error to deny defendant's motion for a directed verdict as to a penalty and attorney fees based on bad faith. Other enumerations of error concerning the instruction of the court are without merit.

*Judgment affirmed with direction that attorney fees and penalty be stricken from the judgment with costs of appeal upon the appellee. Hall, P. J., and Quillian, J., concur.*

ARGUED NOVEMBER 7, 1972 — DECIDED FEBRUARY 15, 1973.

*Lee & Hitchcock, William S. Lee,* for appellant.
*D. C. Campbell, Jr., Thad Gibson,* for appellee.