131 Ga. App. 339 (1974)
206 S.E.2d 88
GEORGIA MUTUAL INSURANCE COMPANY
v.
CRITERION INSURANCE COMPANY et al.
48614.
Court of Appeals of Georgia.
Argued September 6, 1973.
Decided February 18, 1974.
Rehearing Denied March 15, 1974.
Sharpe, Hartley & Newton, W. Ward Newton, Marvin Hartley, Jr., for appellant.
Fendig, Dickey, Fendig & Whelchel, Thomas Whelchel, Anthony T. Smith, for appellees.
PER CURIAM.
Horace Pye purchased a policy of automobile liability insurance from Georgia Mutual Insurance Company covering a 1968 Buick LeSabre, his only automobile. Under Section IV of the policy, captioned "Automobile Defined, Trailers, Private Passenger Automobile, Including Automatic Insurance," coverage is also afforded to a "Newly Acquired Automobile," defined as "an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) ... the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date... The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."
On February 3, 1972, Mr. and Mrs. Pye bought an additional automobile, a 1965 Mustang, for the use of their minor son Deryl; and 29 days later Deryl, while operating the Mustang, was in a collision with Homer Horton, III, a minor who was operating a motorcycle belonging to his mother. No notice of the acquisition of the Mustang and of the subsequent collision was given to Georgia Mutual until June 27, 1972, when the Pyes gave such notice orally to Littlefield Insurance Agency, from whom the policy had been purchased.
In the meantime Homer Horton and his mother, Mrs. Inez B. Horton, had given notice and made demand *340 upon Criterion Insurance Company, their uninsured motorist carrier. Criterion instituted the present declaratory judgment action, alleging that Georgia Mutual had denied coverage to the Pyes, and seeking a declaratory judgment that such denial was not legally sustainable. Georgia Mutual moved for summary judgment, contending that its policy afforded no coverage to the Pyes since no notice of the acquisition of the Mustang was given within 30 days of its delivery, and since notice of the accident was not given as required by Condition 1 of the policy. The trial court denied the motion, and Georgia Mutual appeals with a certificate of review. Held:
1. (a) "The `automatic insurance' clause in standard automobile liability policies is intended to meet the necessity for maintaining coverage in the situation resulting from the recognized custom among insured owners of acquiring other cars by replacement and new purchases during the life of their policies... Where the `automatic insurance' clause requires notice of the acquisition of a new automobile to be given the insurer within a specified time after delivery, a failure to give notice prior to an accident occurring after the expiration of the designated period precludes coverage of the new automobile. However, where the accident takes place within the notice period but before any notice has been given, it is generally held that the requirement of notice is a condition subsequent rather than a condition precedent and that such coverage is automatically effected upon delivery of the new automobile and remains in effect until the end of the specified period, irrespective of whether notice has been given." 7 AmJur2d 407, Automobile Insurance, § 100. (Emphasis supplied.) The cases are collected in the annotation at 34 ALR2d 936, § 7 and supplements, and hold almost without exception that coverage on the newly acquired automobile is effective automatically during the notice period irrespective of whether notice of acquisition is given. It is said that the consideration for the automatic coverage during the 30-day period is the premium paid on the previously owned vehicle, whether one or more; that the requirement of notice and payment of additional *341 premium is a condition subsequent which must be satisfied in order to maintain the coverage on the newly-acquired automobile beyond the 30-day period to the end of the policy term; and that the intention of the insured is immaterial since the coverage is automatic. See, e. g., Central Nat. Ins. Co. v. LeMars Mut. Ins. Co., 294 FSupp. 1396 (D. C. Iowa).
In the absence of contrary authority in our own courts, we adopt the general rule. Since the collision in question occurred within the 30-day notice period, we hold that notice was unnecessary to effectuate coverage on the Mustang, such coverage being automatic during the notice period, but not thereafter.
(b) The fact that the Pyes did not receive a certificate of title when purchasing the Mustang does not demand a finding that one or both of them did not "acquire ownership" of it as contemplated by the policy. Canal Ins. Co. v. Woodard, 121 Ga. App. 356, 358 (173 SE2d 727); Quaderer v. Integrity Mut. Ins. Co., 263 Minn. 383 (116 NW2d 605).
2. Georgia Mutual contends that failure of the insureds, without excuse, to notify [Georgia Mutual] of the accident in which the Mustang was involved on March 3, 1972, until June 27 or 28, 1972, violated a mandatory condition of the policy and that coverage is not afforded on the accident. Conditions 1 and 7 of the policy provide in part: "When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable... No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy ..."
The record reflects that the reason the Pyes did not notify Georgia Mutual of the March 3 collision until June 27 was because they did not know their policy might afford coverage for the collision. Oral notice was given when investigators for Criterion suggested that coverage might be afforded under the Georgia Mutual policy, and Georgia Mutual began its investigation the following day, securing affidavits, statements, etc. and denied coverage prior to any suit being instituted against the Pyes by the *342 Hortons. Under these circumstances Georgia Mutual has not carried its burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Columbian Nat. Life Ins. Co. v. Miller, 140 Ga. 346 (2) (78 SE 1079, AC 1914D 408); Norfolk &c. Mut. Fire Ins. Co. v. Cumbaa, 128 Ga. App. 196 (196 SE2d 167) and cits. Wolverine Ins. Co. v. Sorrough, 122 Ga. App. 556 (2b) (177 SE2d 819); Williams v. Atlas Assur. Co., 22 Ga. App. 661 (4) (97 SE 91) Assurance Co. of America v. Bell, 108 Ga. App. 766, 769 (134 SE2d 540) and cits.; World Mut. Health & Acc. Ins. Co. v. Thurmond, 112 Ga. App. 393 (2) (145 SE2d 252); Stonewall Ins. Co. v. Farone, 129 Ga. App. 471 (199 SE2d 852).
Judgment affirmed. Pannell, J., concurs. Eberhardt, P. J., concurs specially. Stolz, J., concurs in the judgment.
EBERHARDT, Presiding Judge., concurring specially.
I concur in Division 1 of the majority opinion, and concur specially in Division 2 of the opinion, and reason that, while I am not in full agreement with them, certain decisions cited therein, such as Norfolk & Dedham Mut. Fire Ins. Co. v. Cumbaa, 128 Ga. App. 196 (196 SE2d 167), cannot, in my judgment, be overruled at this time.