## 29936. WOODS et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

JORDAN, Justice.

James Keith Woods and Joan Woods, defendants in a declaratory judgment action by State Farm Mutual Automobile Insurance Company, appeal from the grant of summary judgment and judgment on the pleadings to State Farm, and the denial of their motion for summary judgment.

State Farm's complaint alleged that: An automobile accident occurred on October 23, 1971, as a result of which the appellants filed a complaint for the recovery of

damages for injuries received in the accident against two named defendants on September 25, 1973, a copy of which complaint was served on State Farm. At the time of the accident the appellants were passengers in an automobile owned by James Henderson, covered by a policy of insurance issued by Safeco Insurance Company (made a party defendant in the declaratory complaint). The automobiles operated by the two defendants in the damage suit were uninsured vehicles within the meaning of the Uninsured Motorist Act. Ga. L. 1963, p. 588; 1964, p. 306; 1967, pp. 463, 464; 1968, pp. 1089, 1091; 1968, pp. 1415, 1416 (Code Ann. § 56-407.1). At the time of the accident the appellants carried two insurance policies with State Farm which afforded uninsured motorist coverage. Under these policies obligation is placed on the insured to give written notice of an accident as soon as practicable after an accident, occurrence, or loss, and this is a condition precedent to coverage under the policies. The appellants gave no written notice of the accident to State Farm as required by the policies, and hence no coverage is available to them by State Farm. It was prayed that the court declare that the appellants have failed to comply with the conditions precedent of the insurance policies issued by State Farm, and that State Farm has no contractual obligation to them. It was further prayed that the appellants be enjoined from proceeding with the damage suit until the adjudication of the declaratory action.

The appellants filed defenses alleging that: The provisions of the two policies issued by State Farm covering uninsured automobiles were ambiguous, deceptive, fraudulent, and contrary to Georgia law. Safeco Insurance Company, the insurer of the automobile in which the appellants were passengers, has extended payment to the appellants to the limits of their uninsured motorist coverage. The condition in regard to uninsured motorist coverage in State Farm's policies provides that it applies only as excess insurance over any other similar insurance available to the insured, and under the factual situation with Safeco the appellants would not be entitled to receive any benefit under State Farm's policies as written. The contracts of State Farm were intended to

have this effect, and this is contrary to law. The fact that the policies stated that the appellants were not entitled to any benefit under the uninsured motorist coverage misled the appellants and caused them not to give notice as required in the insurance contracts. It was prayed that the provisions of the contracts contrary to law be declared void, that the contracts be reformed so that they will properly state the rights of the appellants, and that the court declare that the appellants have complied with all the provisions of the contracts and the uninsured motorist coverage of the policies is enforceable by them.

State Farm's motion for summary judgment relied on the pleadings and affidavits it submitted showing that it received no notice of the appellants' claim under the 1971 accident until service on it of the 1973 damage suit.

The affidavit of the appellants stated that: They both read the insurance contracts issued by State Farm and determined that they did not have uninsured motorist coverage in connection with the accident wherein they were passengers in the Henderson automobile. Since the policies as written did not provide uninsured motorist coverage under the facts that existed when the collision took place, there was no need to give notice to State Farm. They were deceived by the provisions of the policies. No settlement has been made with them by any person or corporation. The facts of the collision are not complicated, and the witnesses are available.

The trial judge in his order held that giving written notice was a condition precedent for coverage under the insurance contracts, and that the failure to give the written notice from October 23, 1971, to September 25, 1973, was not "as soon as practicable" as required by the contracts.

Paragraph 14 of the "Conditions" under the uninsured automobile coverage of the insurance contracts issued by State Farm to the appellant James Keith Woods provides: "With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which

the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance. Subject to the foregoing paragraph, if the insured has other similar insurance available to him against a loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater portion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance."

In *State Farm &c. Ins. Co. v. Murphy,* 226 Ga. 710 (177 SE2d 257), it was held that similar language in an insurance contract issued by State Farm, limiting uninsured motorist coverage to sums in excess of other insurance, was in conflict with the uninsured motorist statute, and was void and of no effect. The insured sought reformation of the policy and this court affirmed the judgment granting such reformation by striking the void provision. The ruling of the Court of Appeals in *Travelers Indemnity Co. v. Williams,* 119 Ga. App. 414 (167 SE2d 174), was approved. See also, *State Farm &c. Ins. Co. v. Harper,* 125 Ga. App. 696 (1) (188 SE2d 813).

Under the holding in *State Farm &c. Ins. Co. v. Murphy,* 226 Ga. 710, supra, the language limiting uninsured motorist coverage in the policies involved in the present case is void. We are therefore confronted with the following question:

In view of the illegal provision of the policies, did the failure of the appellants to give written notice of the accident of October 23, 1971, until September 25, 1973, demand the finding, as a matter of law, that the appellants had not given notice as soon as practicable, which was a condition precedent to coverage in the insurance contracts?

The appellants urge that their failure to give notice was caused by the illegal provisions of the contract, which made them believe that they had no coverage, and that State Farm knew these provisions were illegal at the time the policies were renewed, because this court had so found in a case in which it was a party, and that it fraudulently

renewed the policies leaving the language therein which they knew was void.

Where the beneficiary of an insurance contract fails to give timely notice as required by the contract, but a compliance with this requirement is asserted to have been prevented because of the particular facts of the case, it is a question of fact as to the sufficiency of the excuse offered and the diligence of the beneficiary in giving notice after the removal of the disability. *Pilgrim Health &c. Ins. Co. v. Chism,* 49 Ga. App. 121 (3) (174 SE 212); *Godley v. North River Ins. Co.,* 51 Ga. App. 242 (180 SE 385); *Progressive Life Ins. Co. v. Haygood,* 53 Ga. App. 231 (185 SE 534); *Hulme v. Mutual Benefit Health &c. Assn.,* 60 Ga. App. 65, 69 (2 SE2d 750); *Norfolk &c. Fire Ins. Co. v. Cumbaa,* 128 Ga. App. 196 (2) (196 SE2d 167).

The evidence submitted on the motion for summary judgment provides no clue as to the time of discovery by the appellants that the policies of State Farm illegally limited the uninsured motorist coverage. Whether or not the appellants were diligent in giving notice of the accident to State Farm after discovery of the illegal limitation of the policies is a question of fact which has not been eliminated on the motion for summary judgment.

State Farm has not demonstrated that there is an absence of any genuine issue of material fact, and the trial judge erred in granting its motion for summary judgment and judgment on the pleadings.

Since an issue of fact remains in the case, the trial judge did not err in denying the appellants' motion for summary judgment.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hall, J., who dissents.*

ARGUED MAY 12, 1975 — DECIDED JULY 1, 1975 — REHEARING DENIED JULY 15, 1975.

*Alton D. Kitchings,* for appellants.
*Miller, Beckmann & Simpson, Luhr G. C. Beckmann, William H. Pinson, Jr.,* for appellee.