## 31025. MARSH v. BERENS et al.

INGRAM, Justice.

This is an appeal from a summary judgment entered in Fulton Superior Court in favor of the defendants. Appellant was the plaintiff in the trial court in a complaint seeking an injunction and damages against defendants Carteret Savings & Loan Assn. and Frederick W. Berens, Inc. The defendant Carteret holds a security deed on plaintiff's real property and defendant Berens is the loan servicer for Carteret.

The basic thrust of appellant's claim is that defendant Berens refused to accept a tender by plaintiff of late payments; that agents of Berens placed "foreclosure" signs on the property; that vandals and thieves broke into the house and stole several items of personalty; that plaintiff and her children were forced to move out of the house into an apartment for several months because of embarrassment, and that plaintiff's community standing has suffered and her credit rating with a certain bank has been damaged as a result of the "foreclosure" signs.

The trial court entered a summary judgment for the defendants after considering the pleadings of the parties and the deposition of the plaintiff which was submitted by the defendants. It appears the present litigation concerns

events involved in, and growing out of, a period of time in which plaintiff alleges that defendants wrongfully attempted to foreclose the security deed on her property and harassed her about it. Plaintiff's complaint and deposition reveal that she was late in tendering three monthly payments on her security deed and that defendant Berens refused to accept these late payments. There was no allegation or evidence that the parties had mutually departed from the terms of the security deed as to time of payment. See Code Ann. § 20-116; *Eaves & Collins v. Cherokee Iron Co.,* 73 Ga. 459 (2) (1885); *State Mutual Ins. Co. v. Strickland,* 218 Ga. 94 (1) (126 SE2d 683) (1962).

The trial court determined that the pleadings and deposition of the plaintiff show no legal basis for the grant of an injunction or damages to the plaintiff. On a motion for summary judgment the burden of establishing the nonexistence of any genuine issue of material fact is upon the movants, the defendants in this case, and the evidence must be construed most strongly against them. *Wheeler v. Rowell,* 234 Ga. 403, 404 (216 SE2d 301) (1975). The trial judge ruled that movants carried this burden in the present case and we find no error in that judgment. See *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173) (1974).

*Judgment affirmed. All the Justices concur.*

Argued April 19, 1976 — Decided June 23, 1976.

Mattie B. Marsh, *pro se.*
*Leroy R. Johnson,* for appellant.
*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon,* for appellees.