### 52828. CRITERION INSURANCE COMPANY v. HORTON et al.

STOLZ, Judge.

This is the second appearance of this case before this court. For a statement of the background of the case, see *Ga. Mut. Ins. Co. v. Criterion Ins. Co.*, 131 Ga. App. 339 (206 SE2d 88) (1974).

Subsequent to the former appeal, the sole issue remaining in the case, as stipulated in the pre-trial conference, was submitted to the jury for a special verdict in the following form: "Did the insureds or someone on their behalf give notice of the accident between the Honda motorcycle being operated by Homer S. Horton, III

[appellee], and the Ford Mustang being operated by Deryl Pye [appellee] to Georgia Mutual Insurance Company [appellee and Pye's liability insurer] as soon as practicable, or that their failure to give such notice within such time was excusable [sic] under the circumstances shown by the evidence?" The appellant, Horton's uninsured motorist insurer, appeals from the jury's negative finding on the above special verdict. *Held:*

Where the insurance contract in question required *written* notice "as soon as practicable," the jury was authorized to find under the evidence that the only notice given, *oral* notice almost 4 months after the accident, was neither proper nor timely notice, and that the failure to give proper, timely notice was not excusable.

The policy provides that the notice shall be given "by or on behalf of the insured," defining the "insured" as (1) the named insured, (2) the named insured's spouse, and (3) any person using the vehicle with permission of either. In *Stonewall Ins. Co. v. Farone,* 129 Ga. App. 471, 474 (199 SE2d 852) (1973), this court states as the better view that "it makes no difference who gives the notice, so long as a reasonable and timely notice is given the company and it has actual knowledge of the pendency of a claim or suit."

The record shows that the named insured's son, then sixteen-year-old Deryl Pye, who was driving with the named insured's permission, did not report the accident because he assumed that his parents would take care of it. It shows that neither the named insured nor his spouse notified the company "because they did not know their policy might afford coverage for the collision," as pointed out in *Ga. Mut. Ins. Co. v. Criterion Ins. Co.,* supra, p. 341, and because each thought the other was going to take care of it. There was no evidence that notice was given by anyone else "on behalf of the insured." Although the appellant contends that the named insured had been hospitalized and was thus unable to give notice, the record shows that he was sufficiently well to, and did, cancel the policy in question on April 12, 1972, less than six weeks after the accident on March 3, and no excusable reason for failure to give notice at that time was shown. "[T]he burden is on the insured to excuse his failure to perform any such unambiguous term of the contract. . ." *Godley v.*

*North River Ins. Co.,* 51 Ga. App. 242 (2) (180 SE 385) (1935) and cits. This burden was not carried in this case.

Nor would the giving of written, reasonable and timely notice be waived under the circumstances of this case by the liability insurer's assumption and conduct of the defense of the Hortons' action against its insured, Deryl Pye, under nonwaiver and reservation of rights agreements executed on June 28, 1972 and June 25, 1973 (even assuming that they properly may be considered on this appeal). At the time of the execution of the first such agreement, the unreasonable and unexcused period of almost 4 months had already transpired, thereby comprising a noncompliance with the unambiguous, mandatory condition precedent of the policy.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED NOVEMBER 10, 1976 — REHEARING DENIED DECEMBER 14, 1976 —

*Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,* for appellant.

*W. Ward Newton, Hubert H. Howard,* for appellees.