**UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff,**

v.

**Frank D. MIDDLETON, Sr., Frank D. Middleton, Jr., Nellie Loneeta Hall, Fred Hall, Melvin Hall, Joyce Elizabeth Redd, Matilou Redd, Ada Lou Redd, James Clarence Redd, Dean Redd, Bobby Green, Linda Green, Ronald Adams, Junior Payne and American Southern Insurance Company, Defendants.**

**Civ. A. No. C76–112R.**

United States District Court,
N. D. Georgia,
Rome Division.

Feb. 9, 1978.

J. Clinton Sumner, Jr., Rogers, Magruder & Hoyt, Rome, Ga., for plaintiff.

William B. Greene, Greene & Greene, Jere F. White, White & Crane, Cartersville, Ga., Ward D. Hull, Hutcheson & Hull, Decatur, Ga., for defendants.

### ORDER

HAROLD L. MURPHY, District Judge.

This is an action by plaintiff-insurer seeking a declaratory judgment concerning its duty to pay any judgment which may be entered against its insured, defendants Frank D. Middleton, Sr. and Frank D. Middleton, Jr., arising out of a May 19, 1975, automobile accident. Jurisdiction is invoked under 28 U.S.C. 1332, based on diversity of citizenship. Plaintiff is now before the Court on its Motion for Summary Judgment, alleging that the insured failed to give timely notice of the claim. Plaintiff contends that such notice is a condition precedent to its liability.

On May 19, 1975, a car driven by defendant Frank Middleton, Jr. was involved in an

accident with a car driven by defendant Joyce E. Redd and carrying defendants Nellie Loneeta Hall, Matilou Redd, Ada Lou Redd, Dean Redd, Bobby Green and Junior Payne. At that time Joyce E. Redd was insured as to her vehicle by defendant American Southern Insurance Company. The remaining defendants are members of the families of the occupants of the car driven by Joyce E. Redd, who may have a cause of action arising out of the accident.

At the time of the accident Frank Middleton, Jr. inquired as to the injuries of the occupants of the car driven by Joyce E. Redd. Each passenger indicated that they received no injury. There were no visible signs of injury. Although he was not present at the scene of the accident, Frank Middleton, Sr. spoke to the investigating police officers and was told that there were no injuries in the collision. The Middletons did not notify the plaintiff of the accident at that time.

The first notice of any injury or claim arising out of the collision was received by Frank Middleton, Sr. on February 11, 1976, in a letter from a Carl Wagner. The accident was then reported to the plaintiff-insurer. Presently pending in the Superior Court of Bartow County, Georgia is a complaint for damages against the Middletons by Nellie Loneeta Hall and her husband. Plaintiff filed an answer in that action but specifically reserved the right to deny coverage. There is also a cross claim by American Southern Insurance Company claiming that it is subrogated to the rights of the Halls and demanding repayment of $5,000 in benefits it has paid to the Halls. The parties have agreed to refrain from further prosecution in that case, until a decision on the present summary judgment motion.

The plaintiff moves for summary judgment based upon his contention that the insured failed to comply with the insurance contract. The plaintiff points to the following clause:

Notice: In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonable obtainable information with respect to the time, place and circumstances thereof, and the name and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

The plaintiff contends that notice given nine months after the accident cannot, as a matter of law, be construed as, "as soon as practicable." Plaintiff argues that the insured's knowledge of the accident was sufficient to put the above quoted passage into operation. Thus the insured's failure to notify the insurer constituted nonfulfillment of a condition precedent to liability.

It is undisputed that timely notice is a condition precedent to an insurer's liability. *Corbin v. Gulf Insurance Company,* 125 Ga. App. 281, 187 S.E.2d 312 (1972). The term "as soon as practicable" has no hard and fast definition, but will vary according to the circumstances. "The time limitations in policies of insurance requiring a report of incident 'as soon as practicable' are subject to a factual determination.'" *Norfolk & Dedham Mutual Fire Insurance Company v. Cumbaa,* 128 Ga.App. 196, 198, 196 S.E.2d 167, 170 (1973). In the present action the insured made inquiries concerning the results of the collision and found no evidence of any injury. He did not rely on his own conclusion on liability as the insured did in *Bituminous Casualty Corp. v. J. B. Forrest & Sons, Inc.,* 132 Ga.App. 714, 209 S.E.2d 6 (1972). Nor is this a situation in which the insured knew of substantial injury as in *Richmond v. Georgia Farm Bureau & Co.,* 140 Ga.App. 215, 231 S.E.2d 245 (1976).

The insured in the action at bar did not, as a matter of law, release the plaintiff from liability by his failure to give immediate notice. Mr. Middleton, Sr. notified the insurance company of the incident as soon as he became aware of its repercussions. What is "as soon as practicable" for reporting an accident to the insurer depends on facts and circumstances of the case, measured by an objective standard from the viewpoint of the ordinary policy holder. *State Farm Mutual Automobile Ins. Co. v. Coleman,* 441 F.2d 329 (5th Cir.

1971).  As such it is not an appropriate issue for summary judgment.  *Cumbaa,* supra.

Accordingly, plaintiff's Motion for Summary Judgment is denied.

SO ORDERED, this the 9th day of February, 1978.