56816. SOUTHERN TRUST INSURANCE COMPANY
v. CLARK et al.
56817. COMMERCIAL UNION INSURANCE
COMPANY v. SOUTHERN TRUST INSURANCE
COMPANY et al.

BIRDSONG, Judge.

The appellant Southern Trust Insurance Co. brings this appeal to an adverse result in its action for declaratory judgment. Cross appellant, Commercial Union Trust Insurance Co. appeals the dismissal of its counterclaim, and denial of its motion for summary judgment.

The facts show that Sutton and Amos were employees of the Dalton Coca-Cola Bottling Co. The manager of the bottling company was one Marshall. Both

Sutton and Amos worked for a supervisor named Easley. It was established practice for the bottling company to furnish certain employees with a pick-up truck over the weekend for the purpose of "trouble-shooting" missions for the bottling company. On the weekend in question, Easley had possession of one of the bottling company pick-up trucks. Amos obtained permission from Easley to use the pick-up truck to follow his (Amos') personally owned vehicle to a repair garage, so that Amos and his wife would have transportation back home while the privately-owned vehicle was being repaired. After Amos' car had been repaired, Amos requested Sutton accompany him in the company vehicle to pick up Amos' car. Amos remained with the repairman to pay the bill and accept delivery of his car while Sutton drove the company pick-up truck back to Easley. En route to Easley's home, Sutton was involved in an accident with a car driven and occupied by Mr. and Mrs. Clark. Amos and Sutton immediately reported the accident to Marshall, the plant manager. Marshall in turn reported the accident to the bottling company's insurer, Commercial Union Insurance Co. Commercial Union investigated the accident, taking statements from all relevant witnesses. Approximately 14 months later, the Clarks filed suit against Sutton as the driver and the bottling company as the owner of the vehicle being driven by Sutton. When suit was filed by the Clarks, Commercial Union for the first time informed Sutton that he was not an insured under the terms of its policy with the bottling company and advised Sutton to seek the assistance of his own insurer. Within several days of learning that the bottling company and its insurer did not accept liability for Sutton's use of the vehicle, Sutton notified his own insurer, Southern Trust Insurance Co. of the accident. So. Trust filed an answer on behalf of Sutton but with a reservation of right. The terms of So. Trust's policy with Sutton required Sutton to notify the insurer of an accident "as soon as practicable" and it has been So. Trust's position that a notification more than 16 months after the accident violated a condition precedent and voided the coverage. So. Trust sought a declaratory judgment as to its liability, naming Sutton, the bottling company, the Clarks, and Commercial Union

as defendants. Commercial Union filed its counterclaim seeking a declaration of its rights and liabilities as to Sutton and the Clarks. It is agreed that Sutton has not sought to have Commercial Union defend him in the suit brought by the Clarks, and that Commercial Union has formally denied any liability to defend Sutton in that suit or to pay any damages that might result in the suit brought by the Clarks against Sutton. Counsel for Sutton in the suit brought by the Clarks was retained by So. Trust, subject to the outcome of the declaratory action brought by So. Trust.

Prior to the trial of the declaratory judgment issue, So. Trust moved for summary judgment and to dismiss Commercial Union's counterclaim. The motion to dismiss was based upon an assertion that there was no justiciable issue between Commercial Union and the other parties to the original suit filed by the Clarks nor in the declaratory judgment action filed by So. Trust. Commercial Union also sought summary judgment as to its liability pertaining to the suit filed by the Clarks, asserting that it owed no duty to defend Sutton or to pay any damages that might be recovered by the Clarks against Sutton. The trial court denied both motions for summary judgment, and dismissed the counterclaim filed by Commercial Union. Thereafter, So. Trust dismissed its complaint against Commercial Union. Following a jury trial upon the issue of the declaration of rights as between So. Trust and Sutton, the jury determined that So. Trust was required to defend Sutton and that Sutton's notice to his insurer, under the circumstances, was timely.

So. Trust brings its appeal enumerating as error the trial court's denial of a motion for directed verdict, judgment nov, and the charge of the court allowing the jury to determine the reasonableness of Sutton's notice upon the facts and circumstances of the case. The counterclaim appellant, Commercial Union, asserts error in the dismissal of its counterclaim, the denial of its motion for summary judgment, and the voluntary dismissal by So. Trust as to Commercial Union, thereby removing Commercial Union from the declaratory judgment action as a defendant. *Held:*

1. The trial court did not err in denying the motions

for directed verdict or judgment nov or summary judgment as to So. Trust or the motion for summary judgment filed by Commercial Union.

As to So. Trust, there was evidence that Sutton, a college graduate, was aware that he had been involved in an accident and that personal injuries and property damage had resulted. He was driving a company vehicle on personal business on behalf of Amos without the express permission of the owner, manager or supervisor. Sutton's insurance policy with So. Trust called for notification of an accident as soon as practicable; notice was not furnished for over 16 months. Opposed to that evidence was evidence that Sutton had used company vehicles on similar occasions and that it was not uncommon practice for the vehicles to be so used. At the time of the accident, Sutton was returning the vehicle to company control (i.e., to the supervisor). He promptly reported the accident to his employer and the accident was investigated by an insurance adjuster working on behalf of the bottling company. Although Sutton was never expressly told that he would be protected by the company, that is what he believed. Sutton believed that the accident occurred in a company truck and would be covered by the company's insurance. Two days after he ascertained that coverage would not be afforded by the company's insurer, Sutton notified his own insurer.

We are satisfied, as to the motions for summary judgment, directed verdict, or judgment nov, that issues of fact were present as to whether Sutton's delay for over 16 months was reasonable, and as determined by the jury, find adequate support. *Montgomery v. Pacific &c. Co.,* 131 Ga. App. 712, 714 (206 SE2d 631). The time limitations in policies of insurance requiring a report of incident "as soon as practicable" are subject to a factual application. *Norfolk &c. Ins. Co. v. Cumbaa,* 128 Ga. App. 196, 198 (2) (196 SE2d 167). The questions of the sufficiency of the excuse offered, and the diligence of the beneficiary in giving the notice after the removal of the disability, are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each individual case. *Hulme v. Mut. Benefit. Health &c. Assn.,* 60 Ga. App. 65 (2 SE2d 750); *Pilgrim Health &c. Ins. Co. v.*

*Chism,* 49 Ga. App. 121 (3) (174 SE 212); *N. Am. Acc. Ins. Co. v. Watson,* 6 Ga. App. 193, 196 (64 SE 693). Where the evidence of record indicates that the first actual notice of a claim against Sutton personally came to his attention 16 months after the accident and that he notified his insurer two days later, under the facts of the case, it was not error to submit the issue of reasonableness of excuse to the jury. *Norfolk &c. Ins. Co. v. Cumbaa,* supra, p. 199.

For the reasons stated above, it was not error for the trial court to charge the jury in the declaratory judgment action that the jury should determine whether the failure by Sutton to file a notice of accident with So. Trust for 16 months was reasonable. That charge stated a correct and applicable principle of law properly adjusted to the evidence in this case.

In regard to the denial of summary judgment as to Commercial Union, there was evidence that Amos had borrowed the company truck on personal business without the express permission of the owner or plant manager and arguably was not engaged in company business. Opposed to that evidence were assertions that company trucks had been used on earlier occasions on similar missions with the consent of company officials. In this instance, the supervisor was aware of the purpose to which the truck was to be put and consented thereto. At the time of the accident, the personal business had been completed and the truck was on a direct route to be returned to the supervisor. At no time was the employee Sutton reprimanded for using the truck on personal business.

As respects liability of an insurer on a liability policy covering an employer's truck where there is no expressed policy of consent or prohibition to use the truck, the implied consent for the use of the truck by an employee extends only to the scope of the employment, and when the employee exceeds the scope of his employment, he is without the employer's consent (permission). The terms "scope of employment" and "consent" are co-extensive and have the same meaning in this context. The "scope of employment" is merely the measuring rod by which it can be determined whether the employee was acting with the

"implied consent" of the employer. *Western Cas. &c. Co. v. Strozier,* 67 Ga. App. 41, 43 (19 SE2d 433). If the act was done in the course of the servant's employment and in furtherance thereof, the law will regard the act as having been impliedly authorized by the master. *Thompson v. Wright,* 109 Ga. 466, 469 (34 SE 560).

As the facts were developed in this case, a question of fact remained as to whether Sutton was on "a frolic of his own" or was engaged in his master's business, returning the truck to its proper repository, into the possession of the supervisor Easley. The movant for summary judgment has the burden of showing the absence of any genuine issues of material facts which under applicable principles of substantive law entitle him to a judgment as a matter of law. *Raven v. Dodd's Auto Sales & Service,* 117 Ga. App. 416 (160 SE2d 633). Commercial Union not having removed all issues of fact, the trial court did not err in denying Commercial Union's motion for summary judgment.

2. Commercial Union in its cross appeal further complains that the trial court erred in dismissing its cross complaint for failure to state a cause of action. In substance, So. Trust's motion for dismissal presented the argument that Commercial Union by denying any liability had precluded its right to a declaratory judgment defining its obligations to Sutton or the Clarks.

As a general statement, it has been held that where an insurance company denies liability under a specific policy and seeks a declaratory judgment, only as to liability under the policy, its petition is subject to dismissal because no necessity of a decision to relieve the company from uncertainty or insecurity is shown. *Reliance Ins. Co. v. Brooks Lumber Co.,* 101 Ga. App. 620 (115 SE2d 271). Alternatively stated, a petition does not state a cause of action for a declaratory judgment where the rights of the parties have already accrued and there is no necessity of protecting the petitioner from uncertainty with respect to the propriety of its conduct. *Holcomb v. Bivens,* 103 Ga. App. 86 (118 SE2d 840).

In this case, Commercial Union was presented with a claim by Sutton against So. Trust. It could have pursued one of several courses of action. It could have entered a

defense for Sutton as well as its insured, the Coca-Cola Bottling Co. without reservation. This would waive any possible defense of lack of coverage. *Winters v. Govt. Employees Ins. Co.,* 132 Ga. App. 756 (209 SE2d 32). Or it could have declined to take any action at all. This would subject it to possible liability without any opportunity to assert any potential defenses. *LaSalle Nat. Ins. Co. v. Popham,* 125 Ga. App. 724 (188 SE2d 870). Or it could have entered a defense on behalf of Sutton, execute a reservation of rights (as was done by So. Trust) and then seek declaratory judgment. *Richmond v. Ga. Farm Bureau Mut. Ins. Co.,* 140 Ga. App. 215, 218 (231 SE2d 245). Commercial Union followed the course of non-action, rather than simply denying coverage. By its insistence that it owed no coverage to Sutton and its refusal to enter any defense on Sutton's behalf, the rights between the parties became fixed, subject to potential litigation brought by Sutton in the event of an adverse judgment against Sutton and in favor of the Clarks.

Where the rights of the parties have already accrued and there are no circumstances showing any necessity for a determination of the dispute to guide and protect the insurance company from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to its alleged rights and which if taken without direction might reasonably jeopardize its interest, the insurance company is not entitled to a declaratory judgment. *State v. Hospital Authority of Gilmer County,* 213 Ga. 894, 898 (102 SE2d 543). In sum, the declaratory judgment action makes no provision for a judgment which is merely advisory. *State Farm Mut. Auto Ins. Co. v. Hillhouse,* 131 Ga. App. 524, 525 (206 SE2d 627).

If So. Trust prevails in its declaratory judgment action, it would not be required to pay for any damages recovered by the Clarks against Sutton. In that instance, it is possible that Sutton might bring suit against Commercial Union. If Commercial Union desires advice about such an action, it cannot get it in a declaratory judgment proceeding, because no such action has been brought, and if brought would depend upon the contingency of Sutton prevailing in the suit brought by

the Clarks against him. A declaratory judgment action will not be rendered based upon a possible or probable contingency, but must be based upon accrued facts, or facts already existing. *City of Summerville v. Ga. Power Co.*, 78 Ga. App. 666 (51 SE2d 702). It follows that the trial court did not err in dismissing Commercial Union's cross action and cross complaint to the declaratory judgment action filed by So. Trust for failure to state a claim. For the same reasons, Commercial Union was not an interested party as to the declaration of rights between So. Trust, Sutton, or the Clarks; therefore, the trial court properly granted So. Trust's motion to dismiss as to Commercial Union as a party defendant in the declaratory judgment action brought by So. Trust.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 20, 1978 IN CASE NO. 56817 —

*Kinney, Kemp, Pickell, Avrett & Sponcler, John T. Avrett,* for appellant (Case No. 56816).

*Smith, Shaw, Maddox, Davidson & Graham, James D. Maddox, Mitchell, Mitchell, Coppedge, Boyett & Wester, William T. Boyett, Erwin Mitchell, Eugene S. Taylor,* for appellees (Case No. 56816).

*James D. Maddox,* for appellant (Case No. 56817).

*John T. Avrett, William T. Boyett, Erwin Mitchell, Eugene S. Taylor,* for appellees (Case No. 56817).