## 56952. SHIELD INSURANCE COMPANY et al. v. POOLE et al.

BANKE, Judge.

This is an action for declaratory judgment brought by Billy Poole and The Hartford Insurance Company against Amos Hill, Eli Hand, and Katie Hand. Hill was an employee of Poole's who was involved in an automobile accident with the Hands while driving one of Poole's cars. Hartford is Poole's automobile liability insurance carrier. The plaintiffs sought a declaration that no coverage was afforded to Hill under the Hartford policy because Hill was driving the car without Poole's permission when the collision occurred. They were awarded summary judgment, and the defendants appeal.

In support of the motion for summary judgment, the plaintiffs filed the depositions of Poole, Hill, and two other employees of Poole, all of whom testified that, with only one exception, Poole did not allow his employees to drive his cars and that Hill had never had permission to drive these cars. In addition, Hill stated in his deposition that his fellow employees had tried unsuccessfully to stop him before he drove off on the date of the accident.

The defendants attempted to controvert this evidence with two items. One was a transcript of a tape-recorded conversation between the Hands' attorney and Hill which took place a relatively short time after the accident. In this conversation, Hill stated, in contrast to the testimony which he later gave in his deposition, that Poole had given him permission to use the vehicle on the date of the accident to leave his work site to eat lunch. The other item was the affidavit of John Lee Brannon, another former employee of Poole's. Brannon stated that during the time that he had worked for Poole, he had witnessed various employees drive Poole's vehicles on personal errands and that Poole had never given any instructions as to which of employees, if any, were authorized to drive his vehicles. The trial court found Hill's prior statement insufficient to create a material issue of fact because it was hearsay and thus was only admissible for impeachment. He found Brannon's statement insufficient because it did not deal directly with the issue of whether

Hill *himself* had express or implied permission to use the vehicle in question. *Held:*

We find that Brannon's affidavit creates a genuine issue of material fact as to whether Poole's employees were routinely permitted to use his vehicles to leave their site to do such things as purchase food and drink. Thus, there remains a genuine issue as to whether Hill had implied permission to use Poole's car on the day of the accident. Although there is an abundance of evidence to indicate that Hill did not have such permission, it is not the function of the court to weigh evidence on motion for summary judgment. This is the function of the trier of fact. See generally Code Ann. § 81A-156; *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801 (149 SE2d 749) (1966). It was accordingly error to grant the motion for summary judgment.

*Judgment reversed. Deen, C. J., and Smith, J., concur.*

ARGUED NOVEMBER 14, 1978 — DECIDED
FEBRUARY 21, 1979.

*Spivey & Carlton, J. Franklin Edenfield, W. L. Salter, Jr.,* for appellants.
*William T. Darby, Sr., Ogden Doremus, Bobby Jones,* for appellees.