## 57694. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. SLOAN et al.

CARLEY, Judge.

On September 14, 1977, Michael Gary Sloan, one of the appellees and son of appellee, Paul J. Sloan, was driving an automobile which was involved in a collision resulting in the death of Robert Lee Dunagan who was survived by appellee, Lois L. Dunagan. Michael Sloan resided with his father, Paul Sloan, who had immediate knowledge of the collision and the death of Mr. Dunagan.

On or about October 6, 1977, Mrs. Dunagan's attorney notified Michael Sloan of a claim arising out of the death of Mrs. Dunagan's husband. At the time of the collision, there were two insurance policies issued by appellant which were in force and effect and which insured Paul J. Sloan and residents of his household including Michael Gary Sloan. However, because neither of the policies listed Michael as a specifically named insured and because the automobile involved in the collision was not insured, the Sloans contend that they did not believe that appellant's policies afforded coverage for any claims arising out of the collision. Accordingly, the initial attorney contacted by the Sloans simply informed the attorney for Mrs. Dunagan that Michael Sloan did not have insurance and was driving somebody else's car at the time of the accident.

In late March, 1978, Michael Sloan contacted another attorney in connection with certain criminal proceedings and this attorney, upon investigation, discovered that coverage existed under appellant's policies. Mr. Sloan's attorney notified Mrs. Dunagan's attorney who on March 23, 1978, gave notice to appellant of Mrs. Dunagan's claims against the Sloans.

Upon being so informed of the claim some six months after the collision, appellant instituted this action seeking a declaratory judgment as to its obligation to defend any action brought by Mrs. Dunagan and as to its obligation to pay, to the extent of policy limits, any judgment obtained against Michael or Paul Sloan. Appellant contends that it is not so obligated because of improper and untimely notice of the collision. The

applicable portion of the insurance policies issued by appellant is as follows: "In the event of an accident or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place, and circumstances of the accident, and the names and addresses of the injured persons and available witnesses, shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. . ."

Relying upon the above quoted provision of the policies, appellant first contends that the notice when given was improper because it was communicated by an attorney for the claimant, Mrs. Dunagan, and not by or on behalf of the insured, Paul J. Sloan. Appellant further asserts that the notice when given was not "as soon as practicable."

Appellees submit that the notice given was proper and was timely because, appellees argue, the delay in the giving of the notice was due to several factors including the lack of knowledge of the Sloans as to the coverage. The appellees justify this ignorance on the basis of the absence from the policies of Michael Sloan's name as a named insured and the fact that Michael Sloan was driving a car not covered by the policies. The appellees also contend that appellant cannot rely upon the notice provision because, in any event, it has not been injured by the delay.

Motions for summary judgment were filed on behalf of appellant and on behalf of appellees Sloan. The trial court granted summary judgment in favor of the Sloans and denied appellant's motion for summary judgment. Appellant appeals both adverse rulings.

1. In granting summary judgment against appellant, the trial court found as a matter of law that appellant was "obligated to pay on behalf of MICHAEL GARY SLOAN or PAUL J. SLOAN any sum within the monetary limits of the coverage provided [in the policies] which [the Sloans] may legally become obligated to pay as damages because of the death of ROBERT LEE DUNAGAN. . ." The order on summary judgment further held appellant to be obligated to provide a legal defense to the Sloans in any lawsuit which may arise out of the

collision. In effect, the trial court's grant of summary judgment is a determination that, as a matter of law, the notice given to the insurer some six months after the collision was "as soon as practicable" and that the same was otherwise in full compliance with the policies.

In determining the correctness of the trial court's grant of summary judgment, we must consider initially appellees' claim that regardless of when the notice was given and by whom, appellant cannot rely upon the notice provision of the policies because appellant has not shown itself to be harmed by the delay. Appellees' argument is not persuasive and does not convince us that the judgment below is correct. There is no requirement that an insurer prove delay caused damage because "[t]he purpose of the notice provision in an insurance policy is to enable an insurer to investigate promptly the facts surrounding the occurrence while they are still fresh and the witnesses are still available, to prepare for a defense of the action, and, in a proper case, to determine the feasibility of settlement of the claim. *Bituminous Cas. Corp. v. J. B. Forrest &c., Inc.,* 132 Ga. App. 714, supra. (1); *Employees Assur. Society v. Bush,* 105 Ga. App. 190 (123 SE2d 908); *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695 (3) (112 SE2d 194)." *Richmond v. Ga. Farm Bureau &c. Co.,* 140 Ga. App. 215, 221 (231 SE2d 245) (1976). In *Richmond,* this court found no merit in the assertion of the insured which was identical to that advanced by appellees here.

2. Accordingly, if the trial court's grant of summary judgment against the insurer is to be upheld, we must find that the trial court was correct in determining as a matter of law that there was satisfactory compliance with the notice requirements of the policies. As is true generally with regard to issues relating to reasonableness and sufficiency of compliance with stated conditions, questions of the adequacy of the notice and the merit of appellees' claim of justification are ones of fact which must be resolved by a jury as they are not susceptible to being summarily adjudicated as a matter of law. *Norfolk &c. Ins. Co. v. Cumbaa,* 128 Ga. App. 196, 199 (196 SE2d 167) (1973); *Southern Trust Ins. Co. v. Clark,* 148 Ga. App. 579, 583 (251 SE2d 823) (1978). See also *Woods v. State Farm Mut. &c. Co.,* 234 Ga. 782 (218 SE2d 65) (1975). In

this case, the Sloans have not carried the burden imposed upon them under § 56 of the Civil Practice Act (Code Ann. § 81A-156) of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Marsh v. Berens,* 237 Ga. 135 (227 SE2d 36) (1976). Therefore, we hold that the trial court erroneously granted the Sloans' motion for summary judgment.

3. Having determined that the judgment of the trial court granting summary judgment against appellant must be reversed, we now must decide if the trial court erred in failing to grant summary judgment in favor of appellant. Appellant argues that regardless of the determination as to the timeliness of the notice, the notice was improper and not in compliance with the requirements of the policies because it was given not by the insured but by the attorney for Mrs. Dunagan. Appellant's argument is not meritorious because we have held that ". . . it makes no difference who gives the notice, so long as a reasonable and timely notice is given the company and it has actual knowledge of the pendency of a claim or suit." *Stonewall Ins. Co. v. Farone,* 129 Ga. App. 471, 474 (199 SE2d 852) (1973). See also *Criterion Ins. Co. v. Horton,* 140 Ga. App. 750, 751 (231 SE2d 814) (1976). If timely, the notice was sufficient.

4. The remaining issue before us in the appeal is whether, under the facts of this case, summary judgment was demanded in favor of the appellant-insurer because six months elapsed between the date of the collision and the date appellant was notified. In Division 2 of this opinion we held that the trial court should not have determined as a matter of law that the insurer received notice "as soon as practicable." However, the insurer — attempting to wield a double-edged sword — asserts that the trial court should have summarily adjudicated the case in its favor because of non-compliance with the terms of the policies in that, as a matter of law, the notice given to the insurer six months after the accident was not "as soon as practicable." We do not agree. *Edwards v. Fidelity &c. Co. of N. Y.,* 129 Ga. App. 306 (199 SE2d 570) (1973), and *Richmond v. Ga. Farm Bureau &c. Co.,* 140 Ga. App. 215, supra, cited by appellant, are inapposite for the reason that in those cases there was no question raised as

to the insured's lack of knowledge of insurance coverage.

It is our opinion that this issue must be decided contrary to appellant's position on the basis of *Ga. Mut. Ins. Co. v. Criterion Ins. Co.,* 131 Ga. App. 339 (206 SE2d 88) (1974). In *Ga. Mut.* this court affirmed the denial of summary judgment to the insurer — who had raised the identical contention advanced here — where the record showed that the delay in giving notice for approximately four months was because the insureds ". . . did not know their policy might afford coverage for the collision." *Ga. Mut. Ins. Co. v. Criterion Ins. Co.,* 131 Ga. App. 339, 341, supra. Appellant calls our attention to *Criterion Ins. Co. v. Horton,* 140 Ga. App. 750, supra, wherein the appellee in *Ga. Mut.* unsuccessfully appealed a subsequent jury verdict finding that the insureds were not excused for the untimely notice due to their belief that their policy did not afford coverage. As appellant states, this indicates that "the insurer's position was vindicated by a jury." The insurer in this case may or may not be "vindicated" on remand. However, as in *Criterion,* any such vindication must come from the hands of a jury because, under the facts shown by the record here, the trial court could no more properly determine that the notice was *not* "as soon as practicable" than it could declare said notice to be timely.

The case of *Erber v. Ins. Co. of N. America,* 134 Ga. App. 632 (215 SE2d 528) (1975), does not require a different result. In *Erber,* while the insured was not aware of coverage for over nine months after the collision, he did not notify the insurer until fourteen additional months had elapsed after he learned of the coverage. In the case sub judice, the appellees contend that notice was given as soon as there was any knowledge of the existence of coverage. The truthfulness of this contention and the sufficiency of the alleged justification for delay must be decided by the trier of fact. *Norfolk &c. Ins. Co. v. Cumbaa,* 128 Ga. App. 196, supra. See generally *Shield Ins. Co. v. Poole,* 149 Ga. App. 105 (253 SE2d 466) (1979). Therefore, the trial court correctly denied appellant's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Banke, Acting P. J., and Underwood, J., concur.*

ARGUED APRIL 10, 1979 — DECIDED MAY 23, 1979 — REHEARING DENIED JUNE 26, 1979.

*Greer, Klosik & Daugherty, Richard G. Greer,* for appellant.

*Lavigno & Puls, William W. Lavigno, IV, W. Seaborn Ashley, Jr.,* for appellees.

ON MOTION FOR REHEARING.

In its motion for rehearing, State Farm cites the recent decision of this court in *Atlanta Intl. Prop. v. Georgia Underwriting Assn.,* 149 Ga. App. 701 (1979), as authority requiring a reversal of the trial court's denial of State Farm's motion for summary judgment. We do not agree. In *Atlanta Intl. Prop.,* the issue concerning notice dealt with the viability of the insured's contention that there was an ambiguity in the policy which should be construed against the insurer so as to create a waiver or estoppel. This court found no ambiguity and thus determined that there was neither waiver nor estoppel. Furthermore, and most significantly, the notice requirement in the policy involved in *Atlanta Intl. Prop.* was that "'the insured shall give *immediate* written notice to this Company of any loss.'" (Emphasis supplied.) In this case, State Farm's policy required notice to be given "as soon as practicable." Accordingly, we adhere to our determination of the existence of a jury issue with regard to compliance with the policy requirements.

*Motion for rehearing denied.*