## 59721. SANDS v. GRAIN DEALERS MUTUAL INSURANCE COMPANY.

SHULMAN, Judge.

Plaintiff, injured when an automobile collided with the motorcycle on which she was riding as a passenger, brought suit against the driver of the automobile (an uninsured motorist, not a party to this appeal) and against defendant-insurer Grain Dealers Mutual Insurance Company (hereinafter "Mutual") for injuries sustained. Plaintiff premised defendant-insurer's liability on a policy issued by Mutual to plaintiff's mother, which allegedly provided plaintiff with uninsured motorist protection.

Mutual made a motion for summary judgment on plaintiff's claim, contending that due to plaintiff's delay in notifying Mutual of

the accident, it could not be held liable on the policy, as a matter of law.

Mutual argued that plaintiff's failure to notify it in writing of the particulars of the accident until 11 months after the accident mandated the finding that plaintiff did not notify Mutual of the accident "as soon as practicable," a prerequisite to its liability under the policy.

Although plaintiff's delay in notifying Mutual was lengthy, in accordance with this court's opinion in *State Farm &c. Ins. Co. v. Sloan*, 150 Ga. App. 464 (258 SE2d 146), we refuse to hold, under the circumstances, that plaintiff, as a matter of law, did not notify the insurer as contractually required "as soon as practicable."

In an affidavit, plaintiff's mother, the insured, stated that she was unaware of the policy's coverage and, indeed, averred that she was specifically told by an agent of the defendant, on two separate occasions, that her insurance policy would not extend coverage to her daughter on this particular claim of injury. Mutual, by affidavit, disputed the validity of the insured's contentions that she had been misinformed and misled by the representations of one of defendant's agents in regard to the extent of her policy's coverage. In view of the conflicting evidence on the issue of the insured's lack of knowledge of the coverage of her daughter's claim, we must agree with appellant that summary judgment in favor of Mutual was inappropriate.

Since, in the case at bar, plaintiff contends that the delay in notification was due to lack of knowledge of coverage and that notice was given as required under the policy as soon as there was any knowledge of the existence of coverage, an issue was presented for jury resolution. "The truthfulness of this contention and the sufficiency of the alleged justification for delay must be decided by the trier of fact." "[Since] under the facts shown by the record here, the trial court could no more properly determine that the notice was *not* 'as soon as practicable' than it could declare said notice to be timely" *(State Farm &c. Ins. Co. v. Sloan*, supra, p. 468), we must reverse the grant of Mutual's motion for summary judgment. See also *Ga. Mut. Ins. Co. v. Criterion Ins. Co.*, 131 Ga. App. 339 (2) (206 SE2d 88).

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED APRIL 9, 1980 — DECIDED MAY 8, 1980 —
REHEARING DENIED MAY 22, 1980 —

*Leroy Langston, E. Lynn Mitchell,* for appellant.

*E. J. Van Gerpen,* for appellee.