65671. GIBSON et al. v. DEMPSEY et al.

SOGNIER, Judge.

Ann and Clifford Preston Gibson sued Mark David Dempsey and Harriette Dempsey for the wrongful death of their daughter, Peggy E. Gibson, in a one-car collision involving an automobile allegedly operated by Mark David Dempsey and titled in the name of Harriette Dempsey. Pursuant to OCGA § 33-7-11 (d) (Code Ann. § 56-407.1), a copy of the complaint was served upon Atlanta Casualty Company, the uninsured motorist insurance carrier for Peggy E. Gibson, which answered the complaint in its own name and moved for

summary judgment. The trial court granted Atlanta Casualty's motion and the Gibsons appeal.

Appellants contend that the trial court erred in granting summary judgment in favor of appellee, arguing error in the trial court's determination as a matter of law that appellants were not justified in delaying their compliance with certain conditions of the Atlanta Casualty policy. The insurance policy provides in pertinent part:

"8. *Notice of Accident — Coverage A, B, C, and D.* When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable..." The policy further provides under the section dealing with uninsured motorists:

"3. *Proof of Claim:* As soon as practicable, the insured or other person making claim shall give to the company written proof of claim ... Proof of claim shall be made upon forms furnished by the company . . .

"9. *Action Against Company:* No action shall lie against the company unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this part."

The accident occurred August 10, 1980, and it is undisputed that appellants' first written notice of the accident and written proof of claim were given to appellee on July 8, 1981. Ann Gibson stated in her affidavit that at the time of the accident, she believed that Mark David Dempsey was insured, but that approximately five days later, she learned of the possible absence of insurance coverage on the Dempsey vehicle. Soon thereafter, she retained legal counsel to investigate the question of primary insurance coverage of the Dempsey car, a question which remains in dispute according to the affidavit of the Gibsons' attorney. Ann Gibson's brother submitted an affidavit stating that approximately five days after the collision, he gave notice of the accident, apparently oral, to the insurance agency for appellee and reported that the Dempsey vehicle was apparently uninsured. In ruling on appellee's motion for summary judgment, the trial court found that the Gibsons had failed to give any excuse for failure to comply with the notice requirements of the policy. We disagree and reverse.

"The time limitations in policies of insurance requiring a report of incident 'as soon as practicable' are subject to a factual determination. 'The questions of the sufficiency of the excuse offered, and the diligence of the beneficiary in giving the notice after the removal of the disability, are generally questions of fact, to be determined by the jury, according to the nature and circumstances of

each individual case.' [Cits.]" *Norfolk &c. Ins. Co. v. Cumbaa,* 128 Ga. App. 196, 198 (2)-199 (196 SE2d 167) (1973). "In many cases an insured may be able to present evidence of excuse or justification for the delay." *Richmond v. Ga. Farm Bureau &c. Ins. Co.,* 140 Ga. App. 215, 220 (2) (231 SE2d 245) (1976).

Appellants' claim is made under the uninsured motorist endorsement of the policy issued by appellee to their deceased daughter. " 'The uninsured motorist endorsement becomes operative, not when there has been an accident, but when it is ascertained that the operator was uninsured. Where the uninsured motorist endorsement provides for notice as soon as practicable, this should be interpreted as if it read as soon as practicable after discovery of the uninsured status, and means within a reasonable time under all of the circumstances if the insured was reasonably diligent in his efforts to determine the insurance status of his adversary. [Cit.]' " *Gregory v. Allstate Ins. Co.,* 134 Ga. App. 461, 464 (214 SE2d 696) (1975) quoting Squires v. Nat. Grange Mut. Ins. Co., 145 SE2d 673, 678 (S.C. 1965). See also Allstate Ins. Co. v. Jahrling, 229 NYS2d 707, 709 (1962); Stroud v. Motor Vehicle Accident Indem. Corp., 209 NYS2d 221, 223 (1961), aff'd. 217 NYS2d 499 (1961). Appellants could not know whether they had a claim against Atlanta Casualty until they could establish that the Dempsey vehicle was uninsured. "The words 'as soon as practicable' are relative, and must be measured by all of the circumstances. Lapse of time alone, even approximately eleven months, does not of itself establish a non-compliance with the notice provision." Jahrling, supra, at 709. There is sufficient evidence of appellants' diligence in seeking to ascertain whether the Dempsey vehicle was insured or uninsured to raise a question of fact as to the reasonableness of appellants' excuse. The trial court therefore erred in granting appellee's motion for summary judgment. See *Continental Cas. Co. v. Parker,* 161 Ga. App. 614, 618 (288 SE2d 776) (1982); *Southern Trust Ins. Co. v. Clark,* 148 Ga. App. 579, 582-583 (251 SE2d 823) (1978). In view of this holding, it is unnecessary for us to consider appellants' remaining enumerations of error.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 17, 1983.

*James I. Parker, Michael C. Walls, Phillip Slotin,* for appellants.
*Bobby Lee Cook, Theodore Freeman,* for appellees.