71406. EVI EQUIPMENT, INC. v. NORTHERN INSURANCE COMPANY OF NEW YORK.
(342 SE2d 380)

BENHAM, Judge.

Appellee insurance company filed a petition in the State Court of Fulton County, seeking a declaratory judgment pursuant to OCGA § 9-4-2 to determine the extent of its liability under a contract of insurance with appellant, EVI Equipment, Inc. ("EVI"), the insured. EVI moved to dismiss the case for lack of subject matter jurisdiction, contending that under OCGA § 9-4-2 (a) and (b), the Declaratory Judgment Act, only the superior court has jurisdiction to render declara-

tory judgments. The trial court denied EVI's motion but granted it a certificate of immediate review. We allowed the interlocutory appeal to address this apparently heretofore unresolved issue.

OCGA § 9-4-2 (a) states that "the respective superior courts of this state shall have power . . . to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed . . ." Art. VI, Sec. IV, Par. I of the 1983 Ga. Const. sets the parameters for the jurisdiction of superior courts as follows: "The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution. They shall have exclusive jurisdiction over trials in felony cases, except in the case of juvenile offenders as provided by law; in cases respecting title to land; in divorce cases; and in equity cases. The superior courts shall have such appellate jurisdiction, either alone or by circuit or district, as may be provided by law." OCGA § 15-7-4 sets out the parameters for jurisdiction of state courts as being "concurrent with the superior courts [in six different areas] . . . except [in] those [civil] actions in which exclusive jurisdiction is vested in the superior courts . . ."

Appellant contends that state courts lack subject matter jurisdiction to hear and determine a declaratory judgment action because the legislature did not intend the word "exclusive" as it is used in OCGA § 15-7-4 (2) to be taken literally, but rather intended only to encompass areas of law that have traditionally been in the jurisdiction of the superior courts, e.g., liquidation of corporate assets (OCGA § 14-2-285 (a)); legitimation of children (OCGA § 19-7-22); and name changes (OCGA § 19-12-1 (a)). We agree.

We read all of the above-quoted excerpts to mean that the legislature intended to empower only superior courts to render declaratory judgments, that area being one in which the superior courts have traditionally had jurisdiction. If the legislature's intention was to vest such power in state courts, it could have done so in either the Declaratory Judgment Act or in OCGA § 15-7-7; since it did not expand the jurisdiction of state courts therein, we must conclude that the superior courts retain exclusive jurisdiction as to declaratory judgment actions. This interpretation is supported by the language of the preamble to OCGA Ch. 15-7, which states that the purpose of the Act was "to provide for uniformity among the state courts with regard to certain aspects of such courts . . . to provide for jurisdiction . . . [and] to provide for certain powers of state courts . . ." Ga. L. 1983, pp. 1419-20, Vol. I. There is no indication that a purpose of OCGA Ch. 15-7 was to extend jurisdiction over additional causes of action.

The superior court being the only forum that can properly entertain an action for declaratory judgment, the state court erred in denying EVI's motion to dismiss for lack of subject matter jurisdiction.

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 10, 1986.

*Alfred L. King, Jr.*, for appellant.
*Robert M. Darroch, John W. Chambers, Samuel P. Pierce, Jr.*, for appellee.