## 74258. FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT v. SPELL et al.

(359 SE2d 705)

CARLEY, Judge.

Appellee-plaintiffs are the parents of Ms. Lynn Spell. Both Ms. Spell, the passenger, and Mr. Kelly Lee Hedgecock, the driver, were killed when Mr. Hedgecock's car collided with a tractor-trailer rig. At the time of the collision, Mr. Hedgecock was afforded automobile insurance under a policy issued by appellant-defendant. That policy provided $15,000 in liability coverage and $10,000 in uninsured motorist coverage. Mr. James Slevin, the driver of the tractor-trailer, was an uninsured motorist. Although Ms. Spell had no automobile insurance of her own, it is not disputed that she was an insured under the uninsured motorist provisions of Mr. Hedgecock's policy.

Appellees brought suit, naming numerous defendants and alleging that those defendants were jointly and severally liable for the death of their daughter. Among the defendants named in appellees' suit were the administratrix of Mr. Hedgecock's estate and Mr. Sle-

vin. Accordingly, appellees' action resulted in appellant's potential exposure under both the liability and the uninsured motorist coverages of its policy. In its capacity as the uninsured motorist carrier, appellant elected to respond to appellees' complaint by filing an answer in its own name. See OCGA § 33-7-11 (d). Included among the defenses of appellant's answer was the assertion that the full extent of its exposure to appellees under all of the provisions of its policy was $15,000, and that it was willing to settle with appellees for that amount. In support of this defense, appellant relied upon the following provision of the policy: "Any payment under this uninsured motorist coverage will reduce any amount that person is entitled to recover for the same damage under [the provisions of the policy affording liability coverage]." According to appellant's interpretation of this provision, the $10,000 limit of the uninsured motorist coverage that was afforded to Ms. Spell would serve to "write down" from $15,000 to $5,000 of the limit of the liability coverage that was otherwise afforded to Mr. Hedgecock's administratrix, for a total exposure to appellees under appellant's policy of $15,000 rather than $25,000.

Appellees moved to strike from appellant's answer that defense wherein it sought to establish $15,000 as the full extent of its potential exposure under both the liability and uninsured motorist coverages of its policy. Subsequently, appellees also filed a motion for summary judgment as to that defense. The trial court apparently never ruled on appellees' motion to strike appellant's defense. Instead, the trial court conducted a hearing on appellees' motion for summary judgment as to that defense and granted it. Appellant appeals from the trial court's order granting appellees' motion for partial summary judgment as to its "write down" defense.

Pursuant to OCGA § 33-7-11 (d), an uninsured motorist carrier "may elect to plead only in the name of the alleged tortfeasor, thereby obtaining an adjudication of tort liability without the potentially prejudicial injection into the case of the presence of insurance coverage. But, if the insurer takes the position that, regardless of tort liability, there is no liability to the insured under the policy, it may plead in its own name and receive an adjudication on that issue without resorting to an action for declaratory judgment or being put to the expense of defending two lawsuits." *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 170 (268 SE2d 676) (1980). Although appellant elected in this case to file an answer in its own name, the "defense" that is under consideration did not raise any triable issue with regard to the coverage that appellant afforded to appellees under the uninsured motorist provisions of the policy. In effect, appellant's "defense" conceded that uninsured motorist coverage would be afforded with regard to appellees' claim against Mr. Slevin and further conceded that the extent of its exposure to appellees under that coverage

would be $10,000. What appellant's "defense" asserted was that, for each dollar of benefits that it paid pursuant to such uninsured motorist coverage as it admittedly owed to appellees, it would be entitled to claim a dollar "write down" in the limits of the liability coverage that it admittedly owed to Mr. Hedgecock's administratrix.

We do not construe OCGA § 33-7-11 (d) as establishing a procedure whereby the uninsured motorist carrier is authorized to file an answer in its own name and to raise therein a "defense" which relates to any coverage *other* than that afforded under the uninsured motorist provisions of the policy. Appellant's "defense," in effect, injected into the underlying tort action the issue of the limits of its liability coverage. Neither the existence of the liability coverage that was afforded to Mr. Hedgecock's administratrix nor the extent to which appellant might ultimately be required to satisfy a judgment that appellees obtained against Mr. Hedgecock's administratrix were relevant issues in the underlying tort action. See generally *Schaefer v. Mayor & Council of Athens*, 120 Ga. App. 301, 303 (7) (170 SE2d 339) (1969). Assuming that appellees' tort action may have created an actual justiciable "controversy" with regard to the liability coverage afforded to Mr. Hedgecock's administratrix, appellant would be free to invoke the provisions of OCGA § 9-4-2 et seq. and to urge that it was entitled to a judicial declaration of its rights and obligations with regard to that coverage. However, appellant's filing, in its capacity of the uninsured motorist carrier, of an answer pursuant to OCGA § 33-7-11 (d) is not a viable alternative to the filing of a petition for declaratory judgment as to appellant's rights and obligations with regard to the liability coverage that it afforded to Mr. Hedgecock's administratrix, and, even if it were, the State Court of Chatham County would not be a proper forum in which to seek or to obtain such a declaration. See *EVI Equip. v. Northern Ins. Co. of N.Y.*, 178 Ga. App. 197 (342 SE2d 380) (1986).

Under the circumstances which existed in this case, it would have been a proper and sufficient exercise of the trial court's jurisdiction simply to have granted appellees' motion to strike appellant's irrelevant "defense." "One test as to whether matter in a pleading is irrelevant, immaterial or impertinent is whether evidence in support of it would be admissible. [Cit.] It is well settled in this State that evidence relative to the existence of liability insurance or of negotiations which a company adjuster may have had with the injured party relative to a possible settlement of his claim is not admissible on a trial of the action. [Cits.]" *Schaefer v. Mayor &c. of Athens*, supra at 304 (7). Had the trial court simply granted appellee's motion to strike, the necessity of its ruling on the motion for summary judgment and of addressing the merits of appellant's irrelevant "defense" would have been obviated. Accordingly, without expressing any approval or disap-

proval of the trial court's ultimate ruling on the merits of appellant's "defense," we vacate the grant of summary judgment in favor of appellees with direction that a new order which grants appellees' motion to strike appellant's "defense" be entered. See generally *Cheshire Bridge Enterprises v. Lexington Ins. Co.*, 183 Ga. App. 672 (359 SE2d 702) (1987).

*Judgment vacated and case remanded with direction. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 10, 1987.

*Leesa A. Bohler, Terry R. Drugan,* for appellant.
*Thomas C. Bordeaux, Jr., Dana Braun, Lamar C. Walter, William F. Braziel, Jr.,* for appellees.