76457, 76458. EVI EQUIPMENT, INC. v. NORTHERN INSURANCE COMPANY OF NEW YORK; and vice versa.
(374 SE2d 788)

MCMURRAY, Presiding Judge.

Northern Insurance Company of New York ("Northern") instituted a declaratory judgment action against EVI Equipment, Inc. ("EVI") to determine the extent of its liability to EVI under a business liability insurance policy.[1] Northern and EVI filed opposing motions for summary judgment, each seeking favorable declarations as to their rights and duties under the policy based on the following undisputed facts:

EVI is in the business of selling storage racks and shelving. Northern issued to EVI a general business liability insurance policy which provided that "[Northern] will pay on behalf of [EVI] all sums which [EVI] shall become legally obligated to pay as damages because of . . . property damage to which this insurance applies, *caused by an occurrence*, and [Northern] shall have the right and duty to defend any suit against [EVI] seeking damages on account of such . . . property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient . . . ." (Emphasis supplied.) In the event of an "occurrence," the policy required EVI to provide Northern "written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to time, place and circumstances thereof and the names and

---

[1] Northern initiated this action in the State Court of Fulton County. However, the dispute was transferred to the Superior Court of Fulton County after an interlocutory appeal to the Georgia Court of Appeals, where this court held that "[t]he superior court [is] the only forum that can properly entertain an action for declaratory judgment . . . ." *EVI Equip. v. Northern Ins. Co. of N. Y.*, 178 Ga. App. 197, 198 (342 SE2d 380).

addresses of the . . . available witnesses . . . *as soon as practicable.*" (Emphasis supplied.)

In the fall of 1983, M & W Distribution Services, Inc. ("M & W") negotiated with EVI to purchase heavy duty racks and shelving equipment. M & W required racks that were compatible with existing storage racks in its warehouse. EVI inspected M & W's warehouse and assured M & W that it could supply merchandise that was interchangeable with M & W's existing storage system. However, EVI warned M & W that the existing racks were damaged, were inadequately constructed and were unlikely to remain stable. Consequently, EVI recommended that M & W purchase and install replacement parts for its damaged racks, reconstruct its storage system by attaching the racks to the warehouse wall and floor and purchase and install rack safety fixtures and stabilizing equipment. M & W did not follow these recommendations and instead ordered from EVI only basic rack and shelving storage equipment.[2]

M & W installed the EVI equipment in early 1984 and on March 12, 1984, M & W informed EVI of a "rack failure" at its warehouse. EVI immediately investigated the incident and concluded that the damage was due to M & W's failure to follow EVI's advice with regard to constructing the failed storage system and because M & W exceeded the weight capacity of the storage racks.

In a letter dated March 23, 1984, M & W informed EVI that it did not exceed the weight capacity of its storage system and concluded that the "rack failure" was due to "faulty or defective equipment." M & W emphasized its claim against EVI in letters addressed to EVI dated April 2 and May 14, 1984.

On July 19, 1984, M & W advised EVI of a second "rack failure" at its warehouse. Again, EVI investigated the incident and concluded that the collapse was due to M & W's failure to follow its recommendations for rack construction. M & W disputed this finding and, in a letter to EVI dated November 2, 1984, M & W notified EVI that it was asserting a claim with regard to both rack collapses and threatened "legal action" if EVI failed to "exercise [its] responsibility" as "a major supplier of pallet rack[s] for M & W . . . ." EVI did not comply with M & W's demands and, on January 24, 1985, M & W filed a lawsuit against EVI in the State Court of Fulton County, Georgia, seeking damages stemming from the rack collapses. Northern did not learn of the rack collapses or the pending litigation until February 11, 1985.

From this and other undisputed evidence, the trial court entered

---

[2] In his deposition, the EVI salesman who provided the advice and equipment to M & W testified that he was aware that M & W would not follow his recommendations for rack stability and that this action was likely to result in rack collapse.

an order on July 6, 1987, finding that "the property damage resulting from the two rack collapses was obviously 'caused by an occurrence' as defined in the insurance policy . . .," but declared that Northern did not have a duty to defend or cover EVI finding, as a matter of law, that EVI failed to notify Northern, " 'as soon as practicable' " of the rack collapses as is required for coverage under the policy. Relying on OCGA § 9-15-14, the trial court also ordered that "the attorneys for EVI pay to Northern the sum of $819.25 as reasonable expenses and attorney's fees . . ." for asserting "frivolous and substantially groundless arguments in opposition to Northern's Motion for Summary Judgment" and for "purposely omitting key words and phrases in . . . quotes from the policy [in support of its contentions]."

EVI appeals in Court of Appeals Case No. 76457 and Northern cross-appeals in Court of Appeals Case No. 76458. *Held*:

## Case No. 76457

1. In its first two enumerations of error, EVI challenges the trial court's declaration, relinquishing Northern of liability under the policy, and argues that it had no duty to notify Northern of the rack collapses "as soon as practicable" because the rack collapses were not *unexpected* occurrences as defined by the policy. In this regard, EVI points to the policy which provides that an " 'occurrence' means an accident, including continuous or repeated exposure to conditions, which results in . . . property damage neither expected nor intended from the standpoint of [EVI]." From this perspective, EVI reasons that the "policy allowed [it] . . . to determine whether or not an event was an occurrence" which was required to be reported to Northern and justifies its failure to notify Northern of the rack collapses "as soon as practicable" based on its expectation that M & W would experience a rack collapse as a result of M & W's failure to comply with the rack construction recommendations provided by EVI.[3]

Assuming without deciding that the rack collapses were not " 'occurrences' " as defined by the policy, we find that the trial court's holding, relinquishing Northern from liability under the policy, was proper since the policy also provided that "an occurrence" is a condition precedent to coverage. In other words, we do not accept EVI's

[3] Interestingly, Northern also relies on the policy's definition of an " 'occurrence' " and on evidence showing that EVI expected the M & W rack failures to support its sole contention on cross-appeal that the trial court erred in finding that the rack collapses were " 'caused by an occurrence' as defined by the insurance policy . . . ." In this regard, Northern argues that the rack failures were not covered " 'occurrences' " because they were "expected . . . from the standpoint of [EVI]."

anomalous contention that it had no duty to report, "as soon as practicable," a claim which now is the basis of its assertion of coverage under the policy.

2. In its third enumeration of error, EVI contends "[t]he trial court erred in ordering [its] attorney . . . to pay [Northern's] attorney fees in the amount of $819.25," arguing that OCGA § 9-15-14 was not applicable to what the trial court characterized as "EVI's frivolous and substantially groundless arguments in opposition to Northern's Motion For Summary Judgment." We agree.

OCGA § 9-15-14 "is available only with respect to 'any claim, defense, or other position which is first raised in an action on or after July 1, 1986.' Ga. L. 1986, pp. 1591, 1593, § 3." *Ferguson v. City of Doraville*, 186 Ga. App. 430, 432 (2, a), 433 (367 SE2d 551). In the case sub judice, EVI first asserted the contention, which forms the basis of the trial court's order, in its answer filed May 2, 1985. Consequently, the trial court erred in ordering EVI's attorney to pay Northern's attorney fees under the authority of OCGA § 9-15-14.

3. Northern's motion for frivolous appeal is denied.

### Case No. 76458

In light of this court's holding in Division 1 of Case No. 76457, it is unnecessary to address the issue raised in Northern's cross-appeal.

*Judgment affirmed in part and reversed in part in Case No. 76457. Judgment affirmed in Case No. 76458. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 17, 1988.

*Alfred L. King, Jr.*, for appellant.
*James F. Cook, Jr., John W. Chambers*, for appellee.